UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN M., ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 3:21-CV-127-JVB |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
|       Defendant. ) | |

## OPINION AND ORDER

Plaintiff John M. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter. For the reasons below, this Court grants Plaintiff's request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's April 23, 2019 application for benefits, he alleged that he became disabled on February 2, 2014. After an August 17, 2020 hearing, the Administrative Law Judge (ALJ) issued his decision on September 2, 2020, and found that Plaintiff suffered from the severe impairments of anxiety, chronic obstructive pulmonary disease (COPD), degenerative disc disease, depression, diabetes, hypertension, obesity, and varicose veins. (AR 15). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally balance, stoop, kneel, crouch, and climb ramps and stairs. He can occasionally work in extreme cold and occasionally in dust, odors, fumes, and pulmonary irritants. He can never crawl, climb ladders, ropes or scaffolds, or work at unprotected heights. He is limited to simple work-

related decisions and simple, routine tasks with no assembly line work or strictly enforced daily production quotas.

(AR 17). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was unable to perform any past relevant work but was able to perform the representative occupations of document preparer, callout operator, and sorter. (AR 23). Accordingly, the ALJ found Plaintiff to be not disabled from February 20, 2014, through December 31, 2019, which is the date Plaintiff last met the insured status requirements of the Social Security Act. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [they] can perform [their] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff asserts that the ALJ erred by failing to properly evaluate the opinions of treating physician Dr. Kora and state agency examining physician Dr. Gupta. The Court finds Plaintiff's argument regarding the ALJ's rejection of Dr. Kora's opinion persuasive and remands this matter on that basis.

The evaluation of medical opinions is governed by 20 C.F.R. § 404.1520c, which explains that ALJs must articulate how persuasive they find each medical opinion. When an ALJ evaluates medical opinions, the most important factors to consider are supportability and consistency, and the remaining factors are relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c. "Supportability" considers to what extent an opinion is based on objective medical evidence and supporting explanations, and "consistency" considers to what extent an opinion is consistent with the evidence from other sources. 20 C.F.R. § 404.1520c(c). An ALJ should not rely on his own interpretation of exam findings instead of a doctor's professional judgment. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016).

On September 3, 2019, Dr. Kora opined that Plaintiff would only be able to stand for fifteen minutes at a time and for a total of one hour in an eight-hour workday and could sit for thirty minutes at a time and for a total of two hours in an eight-hour workday. (AR 1264). On July 24, 2020, she opined that Plaintiff could stand for twenty minutes at a time and for a total of one hour in a workday and sit for one hour at a time and for a total of two hours in a workday, (AR 1498-99). The ALJ rejected these opinions because they implied that Plaintiff must recline or lie down

3

for five out of eight hours, "a conclusion that is not supported by treatment notes or consultative examination findings." (AR 21).

Plaintiff argues that the ALJ was wrong to discount these opinions. He asserts that the opinions are well-supported. He notes that he has treated with Dr. Kora since December 28, 2013. *See* (AR 1052-53). Plaintiff identifies that treatment notes from May 2018 to September 2019 report complaints relating to spondylosis of the lumbar region, gout, and varicose veins, such as pain in the lower extremities and lower back, deformity of the left leg that was painful to touch, and joint stiffness. *E.g.* (AR 1110, 1115, 1121, 1149, 1266, 1272, 1277, 1283, 1288). Examinations revealed a BMI over 55, prominent varicose veins, swelling, indentation redness, cellulitis, and tenderness of the left leg, dizziness, and pain upon range of motion of the lumbosacral spine, bilateral knees, and ankles. (AR 1116, 1117, 1123, 1127, 1131, 1137, 1142, 1271, 1272, 1274, 1276, 1282, 1290). Dr. Kora recommended to Plaintiff that he elevate his legs. (AR 1117, 1282, 1290).

Further, at the consultative examination performed by Dr. Gupta, Dr. Gupta noted generalized weakness, fatigue, and poor balance. (AR 1254). He further noted spinous and paraspinal tenderness in the lumbar region with decreased range of motion, pain and tenderness in bilateral knees with moderate pitted swelling in both legs and decreased range of motion in the knees, abnormal sensation to light touch and pin prick in the lower extremities, in ability to stoop and squat, inability to walk heel to toe and tandemly, and difficulty standing from a sitting position. (AR 1255).

Plaintiff also asserts that Dr. Kora's opinions are consistent with other evidence of record. Plaintiff complained of persistent lower back, hip, and buttock spasm and pain that worsened with lifting, standing, and rising from a seated position as well as severe left leg pain to other providers,

such as Dr. Yano and Dr. Haider. (AR 1093, 1095, 1097, 1293, 1295, 1297, 1316, 1318, 1320, 1322). He experienced pain upon extension and lateral flexion of the lumbar spine overlying the bilateral sacroiliac joints and tenderness to touch of the thoraco-lumbar junction (AR 1093, 1095, 1097, 1099, 1293, 1295, 1298, 1316, 1318, 1320, 1323). He had positive bilateral Fabere and Gaenslen tests (AR 1095). He exhibited swelling and tenderness of the left ankle, as well as bilateral lower extremity tibial and ankle edema. (AR 1374, 1393). Dr. Kora's opinion is also consistent with diagnostic evidence provided by imaging of the thoracic spine, which revealed the following mild multilevel degenerative changes: mild levocurvature thoracic spine; mild multilevel intervertebral disc height loss and endplate osteophytes. (AR 1404, 1426). As the ALJ acknowledged, Plaintiff stated that he needed to elevate his legs 85-90% of the day (AR 17).

The Commissioner counters that the ALJ cited to Plaintiff's BMI, reduced range of motion, spine and knee pain, reduced muscle strength, swelling and edema, and spine imaging abnormalities, as well as some normal findings. In the Commissioner's view, this report of symptoms is enough to indicate that the ALJ considered the important evidence before arriving at his conclusion. However, the ALJ did not point to any of this evidence when he rejected Dr. Kora's opinion regarding postural limitations. The entire reason he gave for rejecting the postural limitations is that they "are not supported by treatment notes or consultative examination findings." (AR 21). No more information is provided. This reason is simply incorrect, as Plaintiff has documented that there is some evidence from the treatment notes and Dr. Gupta's consultative examination to support the opinion.

It is true that "[a]lmost any conclusion an ALJ reaches [in circumstances where the claimant alleges significant pain] may be inconsistent with some evidence in the record and consistent with other evidence." *Kolar v. Berryhill*, 695 F. App'x 161, 162 (7th Cir. 2017). To be

5

clear, the Court is not remanding this decision because there is some evidence contrary to the ALJ's conclusion; that would be an improper basis for remand and run contrary to the substantial evidence standard. Instead, the necessity of remand comes from the ALJ's sole stated reason for his conclusion, namely, that there is *no* support in treatment notes or consultative examination findings for Dr. Kora's opinion regarding standing and sitting. This reason is inaccurate, and thus the ALJ has failed to provide a clear and logical statement of the path his reasoning took to arrive at that conclusion from the evidence.

The ALJ's failure to properly evaluate Dr. Kora's opinion was harmful as Plaintiff would have been found disabled if those opinions were properly evaluated and a different conclusion reached. The vocational expert (VE) testified that a person would be precluded from all competitive employment if he could only stand for twenty minutes at time. (AR 59-60). This matter must be remanded.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief, **REVERSES** the final decision of the Acting Commissioner of the Social Security Administration, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on September 1, 2022.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT